UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-22164-CIV-MORENO

DAVID G. KENNEDY,

    Plaintiff,

vs.

BELL SOUTH TELECOMMUNICATIONS, INC. (AT&T) and SECURITAS SECURITY SERVICES (USA) INC.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION FOR OBJECTION TO NOTICE OF REMOVAL

THIS CAUSE came before the Court upon Plaintiff's Motion for Sanctions **(D.E. No. 28)**, filed on **August 1, 2012**, and Motion for Objection to Notice of Removal **(D.E. No. 29)**, filed on **August 6, 2012**. In filing these motions, Plaintiff David G. Kennedy contends that Defendants' failure to provide immediate notice to Kennedy due to a scrivener's error in Kennedy's mailing address warrants sanctions and a remand of this case to state court. For the following reasons, this Court disagrees and denies both the motion for sanctions and the motion to remand.

### I. FACTUAL BACKGROUND

On April 2, 2012, Plaintiff Kennedy filed suit in Florida's Circuit Court of the Eleventh Judicial Circuit against Defendants Bell South Telecommunications, Inc. and Securitas Security Services (USA) Inc., asserting several claims including breach of contract and violations of the Civil Rights Act. Defendants successfully removed the case to this Court on June 8. However, when mailing the notice of removal to Kennedy, Defendants listed an incorrect address.

Specifically, Defendants omitted the letters "NE" from Kennedy's correct address, "490 NE 2nd Avenue." This scrivener's error resulted in Kennedy not immediately receiving the notice of removal.

On June 15, Defendants filed a motion to dismiss and a corporate disclosure statement with this Court. Defendants again mailed the filings to the incorrect address, but Kennedy nevertheless received the filings this time around as indicated by his signed receipt. *See* Def.'s Resp. Ex. A. The motion to dismiss also contained explicit references to Defendants' removal of the case to federal court. Accordingly, Kennedy filed a motion to remand with this Court on June 25 along with a timely response to Defendants' motion to dismiss on July 2. Judge K. Michael Moore later denied Kennedy's motion to remand and granted Defendants' motion to dismiss.[1]

On July 18, Defendants first became aware of their error when the post office returned the undelivered notice of removal. Defendants immediately took action to rectify their mistake, forwarding the notice to the correct address that same day. Kennedy finally received the notice of removal on July 23. He now argues that Defendants' error deserves sanctions and mandates that this Court remand the case to state court.

## II. DISCUSSION

### A. Kennedy's Motion for Sanctions

Federal Rule of Civil Procedure 11 permits sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change

---

[1] This case was subsequently transferred to Chief Judge Federico A. Moreno on August 13.

existing law; and (3) when the party files a pleading in bad faith for an improper purpose.

*Bettis v. Toys "R" Us*, No. 06-80334-ZLOCH, 2009 U.S. Dist. LEXIS 123664, at *19 (S.D. Fla. Dec. 30, 2009) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Yet, Rule 11's safe harbor provision prohibits a party from filing a motion for sanctions directly with the court. Instead, Rule 11 states that all motions for sanctions "must be served under Rule 5, but [they] must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

From the outset, the Court notes that Kennedy did not comply with Rule 11's safe harbor provision. Rather than serving Defendants with his motion and giving them twenty-one days to rectify any alleged violations, Kennedy simply filed this motion with the Court directly. However, even if Kennedy had observed the proper procedure, Defendants' omission was not the type of behavior that warrants sanctions. As this matter does not involve a pleading without a factual basis or one based on a legal theory with no chance of success, Defendants' behavior would only be sanctionable if done in bad faith for an improper purpose. *See Bettis*, 2009 U.S. Dist. LEXIS at *19. Here, Defendants made an honest scrivener's error that they immediately corrected upon knowledge of the mistake. There is no indication that this minor omission was done in bad faith for an improper purpose. Consequently, the Court denies Kennedy's motion for sanctions.

### B. Kennedy's Motion to Remand

"Promptly after the filing of [a] notice of removal of a civil action," 28 U.S.C. § 1446(d)

requires "the defendant or defendants [to] give written notice thereof to all adverse parties." 28 U.S.C. § 1446(d) (2012). Several district courts nevertheless have recognized that "a good faith effort to provide written notice to the plaintiff satisfies the requirement absent any prejudice to the plaintiff." *See Khan v. Bank of Am. Home Loan Servicing L.P.*, No. 12-117, 2012 U.S. Dist. LEXIS 59145, at *6 (D.N.J. Apr. 27, 2012) (citing cases from district courts in New York, Ohio, and West Virginia). Thus, "failure to timely provide that notice will not defeat removal where there was a good faith attempt at notice, the delay was insignificant, and the adverse party suffered no prejudice." *Id.* at 6–7.

In *Khan*, for instance, the court held that a lack of immediate notice did not defeat removal when the defendants honestly but mistakenly sent the notice to the wrong address. *See id.* at *7. Despite this error, the plaintiffs received actual notice of the removal two weeks later when they received other court filings, and subsequently filed their own documents in response in federal court. *See id.* at *8. The court concluded that the defendants' efforts constituted a good faith attempt that did not result in any prejudice to the plaintiff.

Similarly, Defendants' mailing containing the inadvertent omission of two letters in Kennedy's address constituted a good faith attempt at notice that did not result in any prejudice to Kennedy. As with the plaintiff in *Khan*, Kennedy received actual notice of the removal two weeks after Defendants filed their notice with this Court, namely through his receipt of Defendants' motion to dismiss. Indeed, upon receiving this notice, Kennedy filed a timely motion to remand and a response to Defendants' motion to dismiss. Kennedy has since filed seven additional motions and several responses with this Court in the three months since this case was removed. Accordingly, this Court cannot conclude that Defendants' error resulted in a

significant delay or prejudice to Kennedy. The Court therefore denies Kennedy's motion to remand.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that Kennedy's Motion for Sanctions (**D.E. No. 28**), filed on **August 1, 2012**, and Motion for Objection to Notice of Removal (**D.E. No. 29**), filed on **August 6, 2012** are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of September, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record